STETTINIUS (VIOLETT v.). See Case No. 16,953.

## Case No. 13,388.

STEUBENVILLE & I. R. CO. v. TUSCARAWAS COUNTY.

[6 Pittsb. Leg. J. 68.]

District Court, N. D. Ohio. Sept. 11, 1858.

TAXATION — ENJOINING COLLECTION — LEVY ON RAILROAD ROLLING STOCK—RIGHTS OF MORTGAGEES.

[1. If the manner of assessing and collecting taxes prescribed by the legislature is not unconstitutional, and the officers charged with those duties conform to the law, no court can interfere with or enjoin them.]

[2. The lien of the state for taxes is paramount to all private rights, and individual liens cannot come in competition with it.]

[3. The lien of the state for taxes attaches to personal property upon the seizure thereof by the collecting officers, as in cases of levy by marshals or sheriffs. When so seized, the property is in the custody of the law.]

[4. The mortgagees and trustees of a railroad company cannot enjoin the state officers from seizing its rolling stock to enforce collection of taxes, even if the company cannot pay the interest on its mortgage bonds, and would be unable to replace the rolling stock if the same should be sold.]

This decision has been made in the case of mortgagees and trustees of the Steubenville & Indiana Railroad Company against the treasurer of Tuscarawas county, who seized the rolling stock for taxes. The mortgagees asked for a perpetual injunction against the taxgatherer on the ground that "the company was unable to pay the interest or principal of said bonds, or replace said locomotive and cars in case the same should be sold, that the use and possession of the same were absolutely necessary to the operation of the road by the company, and that a sale of the property by the treasurer would be

of irreparable injury to the holders of said bonds,"

McLEAN, Circuit Justice, held:

1. That the power of taxation is a sovereign political power, and a branch of the power of eminent domain. That if the manner of assessing and collecting taxes prescribed by the legislature be not in conflict with the constitution, and the officers charged with that duty conform, in their action, to the law, no court can restrain or interfere with these officers in the discharge of their duties.

2. That the lien of the state for taxes is paramount to all private rights vested under the government. Individual liens cannot come into competition with the lien of the state for taxes.

3. That the lien of the state for taxes attaches to personal property upon the seizure of the same, as in cases of levy by marshals or sheriffs; and when such property is seized for taxes due the state, it is in the custody of the law under a paramount lien, which cannot be displaced by the liens of individuals upon the same property.

4. That the relation of the complainants to the Steubenville & Indiana Railroad Company is defined by the terms of the mortgage conveyances to them. That default in the payment of the interest or principal of the bonds secured by the mortgages did not vest the road and its equipment in the complainants as mortgagees, but authorized them to take possession of the road and run it as the agents of the company, or to sell the road at public sale. That the ownership of the property could only be changed by a sale of it, and that, no sale having taken place, the company, and not the complainants, were the owners of the property.

Temporary injunction dissolved and bill dismissed, at the cost of the complainants.